COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 17, 2016

Plaintiff-Appellee,

v

No. 325155
Barry Circuit Court
LC No. 14-000738-FH

HAROLD GENE HAMPSHIRE,

Defendant-Appellant.

Before: O'CONNELL, P.J., and MARKEY and MURRAY, JJ.

PER CURIAM.

Defendant, Harold Gene Hampshire, appeals by leave granted[1] his sentence for his conviction of second-degree criminal sexual conduct, MCL 750.520c(2)(b), which resulted from his no-contest plea to a charge that he molested a nine-year-old girl. The sentencing guidelines recommended a sentence of 0 to 17 months' imprisonment, but the trial court sentenced Hampshire to serve 84 to 180 months' imprisonment on the basis of his extensive criminal history, which included indecent exposure convictions. The trial court reasoned that the sentencing guidelines did not account for his history because those convictions occurred 10 years prior to the previous offense. See MCL 777.50. We remand for further proceedings.

Defendant's appeal, filed before the Michigan Supreme Court decided *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), contends that his sentence is invalid because the trial court did not articulate substantial and compelling reasons to depart from the sentencing guidelines. In *Lockridge*, the Court struck the requirement that a sentencing court must justify a departure by articulating substantial and compelling reasons. *Id*. at 392. Accordingly, the majority of defendant's argument on appeal is no longer relevant.

However, defendant also contends that his sentence was disproportionate. In *People v Steanhouse*, ___ Mich App ___, ___; ___ NW2d ___ (2015); slip op at 21-24, this Court held that the reasonableness of a sentence is determined by using the "principle of proportionality" standard set forth in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990). The *Steanhouse*

---

[1] *People v Hampshire*, unpublished order of the Court of Appeals, entered February 4, 2015 (Docket No. 325155).

-1-

Court adopted the *Crosby*[2] remand procedure for cases in which the trial court departed from the sentencing guidelines because "the trial court was unaware of and not expressly bound by [the] reasonableness standard rooted in the *Milbourn* principle of proportionality at the time of sentencing." *Id*. Thus, the *Steanhouse* Court remanded the case to the trial court to follow the procedure explained in *Lockridge*:

> [O]n a *Crosby* remand, a trial court should first allow a defendant an opportunity to inform the court that he or she will not seek resentencing. If notification is not received in a timely manner, the court (1) should obtain the views of counsel in some form, (2) may but is not required to hold a hearing on the matter, and (3) need not have the defendant present when it decides whether to resentence the defendant, but (4) must have the defendant present, as required by [MCR 6.425], if it decides to resentence the defendant. Further, in determining whether the court would have imposed a materially different sentence but for the unconstitutional constraint, the court should consider only the circumstances existing at the time of the original sentence. [*Lockridge*, 498 Mich at 398 (quotation marks and citations omitted).][3]

In this case, the trial court departed upward from the sentencing guidelines when sentencing defendant, and *Lockridge* was not yet decided. Accordingly, the trial court did not have the benefit of *Lockridge* when it sentenced defendant, and it has not explained the proportionality of its sentence on the record. Accordingly, we must remand for further proceedings.

We affirm defendant's conviction, but we remand for the trial court to determine whether it would have imposed a materially different sentence under the procedure described in *Lockridge* and *Steanhouse*. We do not retain jurisdiction.

/s/ Peter D. O'Connell
/s/ Jane E. Markey
/s/ Christopher M. Murray

---

[2] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

[3] Judge O'CONNELL notes that he disagrees with this standard for the reasons stated in his dissent in *People v Shank*, ___ Mich App ___; ___ NW2d ___ (2015).